AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means          ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>The SUBJECT DEVICE is a black iPhone 11 cell phone, bearing serial C8RD464TN72J, that is in the custody of the FBI in Los Angeles, California. | Case No.  2:23-mj-590 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____

City and state:    Los Angeles, CA                              Honorable Margo A. Rocconi
                                                                          *Judge's signature*
                                                                          *Printed name and title*

AUSA: Jennifer Chou (213-894-6482)

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

**ATTACHMENT A**

DEVICE TO BE SEARCHED

The SUBJECT DEVICE is a black iPhone 11 cell phone, bearing serial C8RD464TN72J, that is in the custody of the FBI in Los Angeles, California.

**ATTACHMENT B**

**I. ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C § 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (the "Subject Offenses"), namely:

    a. Child pornography, as defined in 18 U.S.C. § 2256(8).

    b. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that refer to child pornography, as defined in 18 U.S.C. § 2256(8), including but not limited to documents that refer to the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, involving child pornography.

    c. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, tending to identify persons involved in the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, in interstate commerce, including by computer, involving any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(B).

   d. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that identify any minor visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

   e. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that discuss, depict, or evidence any minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

   f. Any records, documents, programs, applications, messages, notes, materials, or items that are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct.  Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings.

   g. Any records, documents, programs, applications, notes, materials, or items, including electronic mail and electronic messages, which discuss or otherwise may be related to the sex exploitation of children.

   h. Any records, documents, programs, applications, notes, materials, or items, including electronic mail and electronic messages, reflecting or evidencing communications with any minor.

   i. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that pertain to KIK, including the use or creation of KIK accounts or users "Silversterinca" or "Amir S."

   j. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that pertain to accounts with any Internet Service Provider.

   k. Any SUBJECT DEVICE which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense, and forensic copies thereof.

   a. With respect to any SUBJECT DEVICE containing evidence falling within the scope of the foregoing categories of items to be seized:

   i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted;

   ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   iii. evidence of the attachment of other devices;

     iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

     v. evidence of the times the device was used;

     vi. applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

     vii. records of or information about Internet Protocol addresses used by the device.

  2. As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

## II. **SEARCH PROCEDURE FOR THE SUBJECT DEVICE(S)**

  3. In searching the SUBJECT DEVICE(S) (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any SUBJECT DEVICE capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

b. The search team will, in its discretion, either search each SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

c. The search team shall complete the search of the SUBJECT DEVICE(S) as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant. The government will not search the digital device(s) and/or forensic images thereof beyond this 120-day period without obtaining an extension of time order from the Court.

d. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in each SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK"

(Forensic Tool Kit), which tools may use hashing and other sophisticated techniques, including to search for known images of child pornography.

   e. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

   f. If the search determines that a SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

   g. If the search determines that a SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

   h. If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

   i. The government may also retain a SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending),

including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

       j.   After the completion of the search of the SUBJECT DEVICE(S), the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    4.   The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    5.   The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

**AFFIDAVIT**

I, Boeing Shih, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1.   I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed since December 2004.  I am assigned to a Violent Crimes Against Children ("VCAC") squad.  I have gained experience in VCAC matters by managing and participating in said investigations, executing residential and digital device search warrants, reviewing images/videos of child pornography, and receiving on-the-job training and classes associated with VCAC.  I make this affidavit based upon my personal knowledge and experience, my review of pertinent documentation, my consultation and confirmation with more experienced agents in this violation, and discussions with other law enforcement officers.

## II. PURPOSE OF AFFIDAVIT

2.   This affidavit is made in support of an application for a rollback warrant to search a black iPhone 11 cell phone, bearing serial C8RD464TN72J (the "SUBJECT DEVICE"), as described in Attachment A, which is incorporated by reference.  The requested warrant seeks to seize evidence, fruits, and instrumentalities of violations of 18 U.S.C § 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (collectively, the "Subject Offenses"), more fully described in Attachment B, which is attached by reference.

1

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, my consultation and confirmation with more experienced agents, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. STATEMENT OF PROBABLE CAUSE

4. I was assigned to this case in October 2022. The following is based on what I learned from other investigators and my own review of the case file.

5. On January 4, 2022, the FBI obtained search warrant no. 2:22-MJ-00011, authorized by the Honorable Paul L. Abrams, United States Magistrate Judge, for violations of 18 U.S.C § 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (the "underlying warrant"). A copy of the underlying warrant and supporting affidavit is attached at Exhibit 1. The affidavit supporting the underlying warrant is incorporated herein by reference.

6. The search warrant was executed on January 11, 2022, at 7640 Oso Avenue, Apartment 310 in Winnetka, California (the "Subject Premises"). Pursuant to the warrant, the search team

seized, among other digital devices, a black iPhone 11 cell phone, bearing serial C8RD464TN72J, that is, the SUBJECT DEVICE.[1]

    7.    Pursuant to the warrant, the search of seized digital devices was to occur within a 120-day period, that is, by May 11, 2022.

    8.    In January 2023, I learned that forensic review of the SUBJECT DEVICE began on or about February 3, 2022, and that the case agent assigned to the case at that time did observe, and seize numerous items responsive to the underlying warrant. Specifically, the prior agent bookmarked approximately 86 items, including video and image files containing Child Sexually Abusive Material ("CSAM"). I have reviewed these bookmarked items, which include the following examples of CSAM files:

    a.    5005_46.JPG: an image of a nude pre-pubescent boy being anally penetrated by an adult finger. The boy is laying on his back on another nude pre-pubescent boy also laying on his back. Both boys' penises are visible in the image.

    b.    71870df0-50bd-42c3-b3d6-af3841388fb1: a video approximately 1:57 minutes long, depicting a nude pre-pubescent girl, approximately 3 to 5 years old, being vaginally and anally penetrated by an adult finger. She is lying on her back on some blankets on the ground in what appears to be a living room.

    c.    5441b2e3-4eca-42e6-b2d5-bc3c3411e3ab: a video approximately 19 seconds long, depicting a nude pre-pubescent

---

[1] The search team also seized additional cell phones, an Apple watch, and several thumb drives, but because investigators inadvertently failed to initiate searches of those devices within the authorized search period, those devices will be returned, unsearched.

3

girl laying on her back being vaginally penetrated by an adult penis.

      d.   File "11yo Isaac Hempstead Wright_03.mp4," a video approximately 10:29 minutes long, depicting a pre-pubescent boy undressing until fully nude and masturbating in front of the camera.

    9.   I have confirmed that search of the SUBJECT DEVICE stopped on or about March 11, 2022.  I recently learned that the prior case agent was away on personal leave and on a temporary duty assignment between April 2022 and July 2022.  Due to the case agent's absence and administrative oversight, the FBI inadvertently failed to seek an extension of the period to continue searching the SUBJECT DEVICE.

    10.   Since the prior case agent's partial review of the SUBJECT DEVICE, the SUBJECT DEVICE has remained in the custody of the FBI.

    11.   Since March 11, 2022, no one with the FBI has searched the SUBJECT DEVICE other than my review of the bookmarked "seized" items described above.

    12.   For the reasons stated herein, I seek a rollback warrant to complete the search of the SUBJECT DEVICE.

### IV. TRAINING AND EXPERIENCE ON DIGITAL DEVICES

    13.   As used herein, the term "digital device" includes the SUBJECT DEVICE.

    14.   Based on my training, experience, and information from those involved in the forensic examination of digital devices, I

know that the following electronic evidence, inter alia, is often retrievable from digital devices:

      a.  Forensic methods may uncover electronic files or remnants of such files months or even years after the files have been downloaded, deleted, or viewed via the Internet.  Normally, when a person deletes a file on a computer, the data contained in the file does not disappear; rather, the data remain on the hard drive until overwritten by new data, which may only occur after a long period of time.  Similarly, files viewed on the Internet are often automatically downloaded into a temporary directory or cache that are only overwritten as they are replaced with more recently downloaded or viewed content and may also be recoverable months or years later.

      b.  Digital devices often contain electronic evidence related to a crime, the device's user, or the existence of evidence in other locations, such as, how the device has been used, what it has been used for, who has used it, and who has been responsible for creating or maintaining records, documents, programs, applications, and materials on the device.  That evidence is often stored in logs and other artifacts that are not kept in places where the user stores files, and in places where the user may be unaware of them.  For example, recoverable data can include evidence of deleted or edited files; recently used tasks and processes; online nicknames and passwords in the form of configuration data stored by browser, e-mail, and chat programs; attachment of other devices; times the device was in use; and file creation dates and sequence.

      c.    The absence of data on a digital device may be evidence of how the device was used, what it was used for, and who used it.  For example, showing the absence of certain software on a device may be necessary to rebut a claim that the device was being controlled remotely by such software.

      d.    Digital device users can also attempt to conceal data by using encryption, steganography, or by using misleading filenames and extensions.  Digital devices may also contain "booby traps" that destroy or alter data if certain procedures are not scrupulously followed.  Law enforcement continuously develops and acquires new methods of decryption, even for devices or data that cannot currently be decrypted.

      e.    Based on my training, experience, and information from those involved in the forensic examination of digital devices, I know that it can take a substantial period of time to search a digital device for many reasons, including the following:

      f.    Digital data are particularly vulnerable to inadvertent or intentional modification or destruction.  Thus, often a controlled environment with specially trained personnel may be necessary to maintain the integrity of and to conduct a complete and accurate analysis of data on digital devices, which may take substantial time, particularly as to the categories of electronic evidence referenced above.

      g.    Digital devices capable of storing multiple gigabytes are now commonplace. As an example of the amount of data this equates to, one gigabyte can store close to 19,000

average file size (300kb) Word documents, or 614 photos with an average size of 1.5MB.

15. Other than what has been described herein, to my knowledge, the United States has not attempted to obtain this data by other means.

## V. ITEMS TO BE SEIZED

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that the items listed in Attachment B, which constitute evidence of violations of the SUBJECT OFFENSES, will be found in the SUBJECT DEVICE.

## VI. CONCLUSION

17. For all the reasons described above, there is probable cause to believe that evidence of violations of 18 U.S.C § 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography), as described above and in Attachment B of this affidavit, will be found in a search of the SUBJECT DEVICE, as further described above and in Attachment A of this affidavit.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this \_\_\_\_ day of
_____, 2023.

_____
UNITED STATES MAGISTRATE JUDGE